**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| JENNY Y. CHOW and PETER S. CHOW, | |
| Plaintiffs, | |
| vs. | Case No. 3:19-cv-00142-MMS |
| UNITED STATES*, et al.,* | |
| Defendants. | |

## <u>ORDER OF DISMISSAL</u>

On May 20, 2019, Jenny Y. Chow and Peter S. Chow (the Chows), representing themselves, filed a "Complaint for Continuous Harming from 'Vast' Conspiracy Causing Damages Compounding," Applications to Waive the Filing Fee under 28 U.S.C. U.S.C. § 1915, and a demand that summonses be issued without delay.[1]  Defendants are the United States, State of Alaska, State of California, City of Pomona, Harold W. Green Jr., Thomas J. Yerbich, Hollins & Associates, Alvarez-Glasman & Colvin, Dyna Garcia, Allstate Insurance Company, and Does 1 to 10.[2]  In the Complaint, the Chows claim that, "[e]ver since Peter S. Chow (PSC) came to this Country in 1978, the perpetrator has been spying, following, conspiring and harming wherever PSC goes."[3]

---

[1] Dockets 1, 2, 3, 5.

[2] Docket 1 at 1.

[3] *Id.* at 4.

## Screening Requirement

Federal law requires a court to conduct an initial screening of a complaint brought by a self-represented plaintiff who has not paid the filing fee. In this screening, a court shall dismiss the case at any time if the court determines that the action

> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.[4]

Although the Chows have requested that the Court waive the filing fee under 28 U.S.C. § 1915, they object to the application of the screening provision of that statute to their case.[5] However, this Court must follow the law set forth in federal statutes as interpreted by the United States Supreme Court; and in discussing 28 U.S.C. § 1915(e)(2)(B), the Supreme Court has said that "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief.... Whether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim depends on whether the

---

[4] 28 U.S.C. § 1915(e)(2)(B); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("section 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners").

[5] *See* Docket 1 at 1–2 (claiming screening provision of statute is unconstitutional).

allegations in the complaint suffice to establish that ground, not on the nature of the ground in the abstract."[6]

Therefore, the Court will screen the Complaint in this case as required by federal law.[7]  To determine whether a complaint states a valid claim for relief, a court considers if it contains sufficient factual matter that if accepted as true "state[s] a claim to relief that is plausible on its face."[8]  In conducting its review, a court is mindful to liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of any doubt.[9]  Before a court may dismiss any portion of a complaint for failure to state a claim upon which relief may be granted, the court must provide the plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[10]  As explained below, in this case, amendment would be futile.

Federal Rule of Civil Procedure 8(a) requires that a complaint include:

---

[6] *Jones v. Bock*, 549 U.S. 199, 215 (2007) (citation omitted).

[7] *See also Franklin v. Murphy*, 745 F.2d 1221, 1228 & n. 6 (9th Cir. 1984) (Even "where the filing fee has been paid[,] [d]istrict courts have the authority to dismiss complaints founded on 'wholly fanciful' factual allegations for lack of subject matter jurisdiction" sua sponte.) (citations omitted).

[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  In making this determination, a court may consider "materials that are submitted with and attached to the Complaint."  *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citation omitted).

[9] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted).

[10] *Garmon v. County of Los Angeles,* 828 F.3d 837, 842 (9th Cir. 2016).

Case 3:19-cv-00142-MMS   Document 6   Filed 08/02/19   Page 3 of 13

(1) a short and plain statement of the grounds for the court's jurisdiction …;

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.[11]

The Chows have not made a short and plain statement of any claim showing that they are entitled to relief.

## DISCUSSION

The Chows claim that various businesses, governments and individuals conspired to harm PSC in primarily unrelated events, covering a period of over two and a half decades, in Alaska and California. The Court is taking judicial notice of several of the court cases the Chows mention in their factual allegations.[12]

The Chows allege that Peter Chow moved to Anchorage in 1991 to manage apartments he owned, and that "[i]n June 1993, PSC was suddenly arrested at home in Alaska [based upon a] wrongful allegation [and] the District Attorney willfully delayed to drop the charges until November 18, 1994" after Peter Chow

---

[11] Fed. R. Civ. P. 8(a).

[12] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact" *Black's Law Dictionary* (11th ed. 2019); *see also Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted); *see also* Fed. R. Evid. 201.

already suffered harm.[13]  The Chows claim that the reason for Peter Chow's arrest was "malicious prosecution … with the intent to cause maximum harm."[14]  The Chows claim that Peter Chow's lawyer, Harold W. Green, "tortiously omitted to dismiss the case according to [his] right to Speedy Trial[] … instead … initiat[ing] the fraudulent inpatient competency … evaluation … [in] conspiracy … to create maximum harm to PSC."[15]  The Chows claim that, "on July 10, 1994, Green illegally acquired [a] fraudulent default judgment, judgment lien and cash seized on PSC from Alaska Civil Court without [due process]."[16]

The Chows claim that "Bankruptcy Court[17] and bankruptcy attorney Thomas J. Yerbich" conspired with Mr. Green with "the same objective of harming PSC…. Yerbich, in furtherance of this continuing conspiracy … totally ripped off PSC's properties so as to force PSC to move back to California …" in 1996.[18]

---

[13] Docket 1 at 5.

[14] *Id.*

[15] *Id.* at 5-6; *see also Peter S. Chow,* 3AN-94-00998PR (Superior Court, State of Alaska), petition for conservatorship of adult filed 10/6/94, denied 1/17/95 (Mr. Chow's counsel of record was Harold W. Green); *Peter S. Chow v. State of Alaska*, 3:94-cv-00450-JWS, habeas petition filed 9/30/94, dismissed by this Court 1/24/95; *Peter S. Chow v. State of Alaska*, 3:94-cv-00333-HRH, filed 7/22/94, dismissed by this Court 9/27/94, for failure to file amended complaint or habeas petition.

[16] Docket 1 at 6; *see also Green Law Offices v. Peter S. Chow*, 3AN-94-02737CI (District Court, State of Alaska) debt collection case filed 3/30/94, default judgment 7/10/94.

[17] *See Peter S. Chow*, Docket No. 3:94-bk-00844 (Bankr. D. Alaska filed Dec. 22, 1994).

[18] Docket 1 at 6-7.  The Chows claim that Mr. Yerbich admitted that he conspired with Mr. Green to harm PSC.  *Id.* at 11-12.  But in the document replied upon to support that contention, Mr. Yerbich states that he "has had no contact with the City of Pomona or its

The next claims begin in 2014, when the Chows assert that the City of Pomona and its various departments, including Public Works, Field Services and Billing" knew that water was "running out from the City water meter under the sidewalk" causing PSC to "keep on paying for the running out water ….[in] conspiracy and [with] the objective of … torturing PSC."[19]  The Chows allege that the problem with the City of Pomona's water was, although occurring approximately eighteen years later, "in furtherance of the Alaska conspiracy that totally ripped off PSC."[20]

The Chows assert that, "[i]n June, 2015, [they] filed suit against Alaska and California conspiracy in U.S. District Court (western) [but that the] Court immediately issued [a] void order to dismiss the complaint by violating F.R.Civ.P. 4(b) and using unconstitutional 28 U.S.C. § 1915(e)(2) thus committing Treason … [a]gain accomplish[ing] the same common objective of harming PSC."[21]  The Chows then filed "the same suit … in California Superior Court without naming

---

Water Department, the sole Defendant having any significant contacts with California.  To the extent that Mr. Yerbich may have 'conspired' with Harold Green, in the absence of any evidence to the contrary, any such conspiracy and the acts associated with it must have occurred wholly within the State of Alaska, not California.  Consequently, Plaintiffs' alleged 'conspiracy,' which is itself unsupported by any factual evidence, does not form any basis for a California court to exercise *in personam* jurisdiction over Mr. Yerbich."  Docket 1-7 (Defendant Yerbich's May 7, 2016 Reply to Plaintiffs' Opposition to Yerbich's Motion to Dismiss in an unidentified case brought by the Chows in California).

[19] *Id.* at 7-8.

[20] *Id.* at 9.

[21] *Id.*

Alaska [and the] case proceeded … [until they] nam[ed] Alaska on Mar. 1, 2016's amended complaint.  Immediately [the] Court committed multiple violation of laws … and continu[ed] issuing void orders (subject matter jurisdiction ceased) to close the case … just using different means to accomplish the same objective … [and] committing treason … in furtherance of the conspiracy …"[22]

The Chows allege that "[o]n Jan. 31, 2018, despite advance notice of the violations, U.S. District Court (eastern) committed the same violations as U.S. District Court (western), that accomplished the same common objective of harming PSC, and that confirms the continuing conspiracy is alive and ongoing."[23]

The Chows then claim that, on March 18, 2018, there was a "conspiracy to hit [their] car," and that the Pomona police "illegally refused to come to make a report," conspiring with Dyna Garcia, who allegedly hit the car, and Allstate Insurance Company, which concluded that both parties were backing up, "accomplish[ing] the same common objective of harming PSC."[24]

The Chows also claim that PSC has been constantly spied upon in 2019, "through radiation which is painfully cancer causing … while PSC [is] sleeping ...

---

[22] *Id.* at 9-10.

[23] *Id.* at 10-11 (Court used "unconstitutional 28 U.S.C. § 1915(e)(2) to dismiss the complaint of conspiracy thus committing treason … accomplish[ing] the same common objective of harming PSC …"  *Id.* at 11).

[24] *Id.* at 12.

causing extreme pain for days."[25]  After PSC called "all FBI's offices across this nation which included [Alaska,] … immediately all FBI's agents conspired into committing overt acts of willful misconduct, tortious omission and misrepresentations … in furtherance of this continuing conspiracy by … [hanging] up the phone, [and] refus[ing] to take [a] report or investigate ..."[26]

The Chows state that they are asserting two causes of action against all of the defendants:  first, for intentional tort; and second, for conspiracy.[27]

1.    <u>The plaintiffs have not established the Court's jurisdiction over their case</u>.

Jurisdiction is "[a] court's power to decide a case or issue a decree[.]"[28]  As explained by the United States Supreme Court, "[f]ederal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute."[29]  That is, the United States Constitution or a federal statute must generally be at issue to establish this Court's jurisdiction.  It is the Chows' burden, as the plaintiffs, to show that this Court has jurisdiction to hear their claims.[30]  And

---

[25] *Id.* at 12-13.

[26] *Id.* at 13.

[27] *Id.* at 13-15.

[28] *Black's Law Dictionary* (11th ed. 2019).

[29] *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (citations omitted).

[30] *K2 America Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1027 (9th Cir. 2011) ("We 'presume[ ] that a cause lies outside this limited jurisdiction, and the burden of establishing

"if the court determines *at any time* that it lacks subject-matter jurisdiction, the court *must dismiss* the action."[31]

"To invoke federal-question jurisdiction, allegations in a complaint must simply be more than 'insubstantial or frivolous.'"[32]

2.    The Court must dismiss frivolous lawsuits.

The Chows' narrative is long and convoluted, covering primarily unrelated allegations from 1993-1994 in Alaska up to this year in California.  Nothing in the Complaint indicates that the Chows have, or will have, a claim for relief over which this Court has jurisdiction.

"[A] complaint ... is frivolous where it lacks an arguable basis either in law or in fact."[33]    And "[f]actual frivolousness includes allegations that are clearly

---

the contrary rests upon the party asserting jurisdiction.'") (quoting *Kokkonen*, 511 U.S. at 377).

[31] Fed. R. Civ. P. 12(h)(3) (emphasis added); *see also Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 583 (1999) ("Subject-matter limitations on federal jurisdiction . . . keep the federal courts within the bounds the Constitution and Congress have prescribed. Accordingly, subject-matter delineations must be policed by the courts on their own initiative even at the highest level.") (citing Rule 12(h)(3)) (additional citations omitted); *United States v. Hays*, 515 U.S. 737, 742 (1995) ("federal courts are under an independent obligation to examine their own jurisdiction") (citation omitted).

[32] *Perry v. Merit Systems Protection Bd.*, ___ U.S. ___, 137 S.Ct. 1975, 1984 (2017) (quoting *Bell v. Hood*, 327 U.S. 678, 682-83 (1946)); *see also Shapiro v. McManus*, ___ U.S. ___, 136 S.Ct. 450, 455 (2015) (The Court has "long distinguished between failing to raise a substantial federal question for jurisdictional purposes … and failing to state a claim for relief on the merits … with … '… insubstantial and frivolous' claims implicat[ing] the former.") (quoting *Bell, supra*).

[33] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996); *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

baseless, fanciful, fantastic, or delusional."[34]   A complaint may be dismissed as frivolous if it "merely repeats pending or previously litigated claims."[35]

The Court takes judicial notice that approximately one month before filing the current case in this Court, the Chows filed a similar case against nearly identical defendants in the United States District Court for the Western District of Washington, and the Court issued an Order Requiring More Definite Statement through "an amended complaint that clearly and concisely identifies the acts of which defendants are accused and how these acts violated plaintiffs' legal rights."[36]  As in the current case, the Chows' initial complaint in that case "contains several conclusory allegations that the government is engaged in some sort of conspiracy against them, along with six additional defendants… Their allegations range from Speedy Trial Act violations and fraud by former counsel, … to tampering with a water meter, … to due process violations by various courts, … to surveillance and radiation-poisoning… The conduct complained of spans almost three decades, beginning in 1991."[37]

---

[34] *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke*, supra).

[35] *Cato*, 70 F.3d at 1105 n. 2 (citations and internal quotations omitted); *see also Denton*, 504 U.S. at 31 (recognizing that an IFP litigant may lack the economic incentives to refrain from filing frivolous or repetitive lawsuits).

[36] *Jenny Y. Chow and Peter S. Chow v. United States Attorney General, et al.*, 2:19-cv-00607 (W.D. Wash. July 12, 2019), Docket 11 at 2.  The first of the defendants is the only difference in defendants between the Washington and Alaska cases.  *See* Docket 1.

[37] *Id.,* Docket 11 at 1 (citations to complaint omitted).

Earlier, on March 21, 2019, the Chows filed another case, also against nearly identical defendants, in the United States District Court for the District of Wyoming, which was dismissed on April 11, 2019 as frivolous, and for failure to state a plausible claim upon which relief may be granted.[38] Likewise, a complaint against nearly identical defendants was filed and dismissed in the Central District of California in January - February, 2018.[39] And the Chows have filed and appealed other cases against the defendants over the years.[40]

The Chows together, and Peter S. Chow alone, have filed their unrelated claims spanning from 1993 until 2019 in a variety of courts over the years (including

---

[38] *Jenny Y. Chow and Peter S. Chow v. United States of America, et al.*, 1:19-cv-00057 (D. Wyo. April 11, 2019) (Docket 4 at 1, 3: "ORDER Dismissing Complaint on 28 U.S.C. §1915 Screening": … "Plaintiffs' causes of action, at best, fail to state plausible claims upon which relief can be granted… This claim is frivolous… [T]he Court finds the complaint 'lacks an arguable basis either in law or in fact.' *Neitzke*, 490 U.S. at 325.") (additional citations omitted).

[39] *Jenny Y. Chow and Peter S. Chow v. United States, et al.*, 2:18-cv-00789 (C.D. Cal. Feb. 7, 2018) (Docket 7: The "District Court lacks jurisdiction." Immunity applies "as to US gov't and states of CA, A[laska; and] Plaintiffs' allegations about his former lawyer's alleged malpractice do not state a federal claim.… The Complaint names entities immune from suit: the United States, the State of Alaska and the State of California. Further, to the extent Plaintiffs purport to assert claims for civil rights violations, the Complaint does not identify any state actor or any constitutional violation that is actionable. Insofar as Plaintiff Peter Chow complains about competency proceedings in 1994, a subsequent bankruptcy, and default judgment, those judicial proceedings do not state actionable federal claims. IT IS ORDERED that … [t]his case is hereby DISMISSED immediately.").

[40] *Jenny Y. Chow and Peter S. Chow v. City of Pomona, Harold W. Green, State of Alaska, United States and Thomas J. Yerbich*, No. 15-55990 (9th Cir. June 25, 2015) (Entry #7, 9/17/15 Order denying appellants' motion to proceed in forma pauperis because the appeal is frivolous; Entry #10, 12/3/15 Order dismissing case for failure to pay fees; Entry #22, Petition for writ of certiorari denied, 4/18/16); *Jenny Y. Chow and Peter S. Chow v. City of Pomona, et al.*, 2:15-cv-04493 (C.D. Cal. Filed June 12, 2015).

state and federal courts in Alaska), in which some of the claims have been litigated. The Court finds this case to be frivolous. Because the allegations in this case are so clearly frivolous – fanciful, fantastic, or delusional – this Court has no subject matter jurisdiction over the matter,[41] and the case will be dismissed without leave to amend. Although there are other problems with the Complaint,[42] the Court need not address those issues in this Order. Without jurisdiction, the Chows' case cannot proceed in this Court.

**IT IS THEREFORE ORDERED**:

1. This case is DISMISSED WITH PREJUDICE, as frivolous and for lack of jurisdiction.

2. All outstanding motions are DENIED.

---

[41] *See, e.g. Neitzke*, 490 U.S. at 330 (complaint that fails to state a claim may be dismissed for want of subject matter jurisdiction when it is frivolous) (citation omitted).

[42] For instance, when a final judgment has been entered, the legal doctrine of res judicata prevents a person from maintaining a new lawsuit that seeks to raise the same claims against the same persons that were in the first case. *See Turtle Island Restoration Network v. U.S. Dept. of State*, 673 F.3d 914, 917 (9th Cir. 2012) ("Res judicata, also known as claim preclusion, applies only where there is '(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties.'") (internal citation omitted). The United States District Court for the Central District of California has already addressed and dismissed the Chows claims. *Chow v. United States, et al.*, 2:18-cv-00789, Docket 7, *supra*. Likewise, the United States District Court for the District of Wyoming has addressed the claims, also finding them to be frivolous. *Chow v. United States of America, et al.*, 1:19-cv-00057, *supra*, Docket 4 at 3-4 ("[T]he complaint will be dismissed without prejudice under § 1915(e)(2) for frivolity and failure to state a plausible claim upon which relief may be granted.").

3.    The Clerk of Court is directed to enter a judgment accordingly.

DATED this 2nd day of August, 2019 at Anchorage, Alaska.

/s/ Matthew M. Scoble
MATTHEW M. SCOBLE
United States Magistrate Judge